HARRIS, C.M., Senior Judge.
Defendant was convicted of first-degree felony murder and burglary of a dwelling with a battery while armed with a dangerous weapon. In an earlier appeal, the burglary was reduced to the second-degree felony of burglary of a dwelling as charged in the information.[1]
Evidence at trial revealed that at 9:40 p.m. on the evening of the offense, the victim, who was crying, called her friend, Ms. Moore, and told her that defendant *203 had been to her house with a knife and threatened to kill her. Defendant had been drinking at Poor Walt’s lounge, but a security tape showed that he was absent from the lounge at the time of the murder. His keys were found at the scene of the crime. He was convicted and his conviction and sentence were upheld on direct appeal. Everett v. State, 7 So.3d 544 (Fla. 5th DCA 2009).
Defendant is before us now based on an amended motion for post-conviction relief in which he claims his trial attorney was ineffective for not raising the fact that a juror was asleep during crucial testimony and in failing to call two witnesses whose testimony, he urges, would impeach Ms. Moore’s testimony relating to the “excited utterance” phone call. The trial judge denied defendant’s motion.
Although defendant’s parents testified that they saw a juror sleeping, the assistant state attorney and the defense counsel, both of whom testified that they watched out for sleeping jurors, saw none on this jury. The trial court’s finding that the defendant failed to prove a sleeping juror had ample support in the record.
Concerning the failure to call the two witnesses, the court found that the record reflects that the testimony of the witnesses now urged by defendant involved a separate meeting between the victim and defendant which occurred earlier in the day. There is support for this finding.
AFFIRMED.
LAWSON and BERGER, JJ., concur.

. There is no issue involving this second count now before us.